Good morning. May it please the Court, my name is Wayne Young. I represent the 2254 petitioner and appellant O'hara. The certified issue in this matter is whether O'hara was entitled to equitable tolling. In the term just passed, the Supreme Court assumed without deciding that equitable tolling is available for 2254 petitioners. And the standard is that the petitioner had been pursuing his case diligently and that some extraordinary circumstances stood in his way. It's clear that equitable tolling should be applied sparingly. But it's also clear that one of the limited circumstances in which it has been applied are cases in which the prisoner's legal materials have been in some way destroyed or made unavailable. All right. But in this instance, his legal materials were destroyed. He did get tolling for a chunk of time by the district court up until the point that he then filed his state habeas. It appears. Is there any record suggestion that there is something other than his state habeas materials that were destroyed? I'm sorry, Your Honor. There's something other than his state habeas materials that were destroyed. I think it's claimed that all his legal materials were destroyed. I'm not sure there's a specific reference that establishes that. But to me, I've always understood it, that his transcripts, his files, his petitions, everything he had were removed from the cell. And so he had nothing when he was. All right. But that's not going to come back. It's just a question of how much has his – and you're not claiming that he should – you're not looking for anything but time. So at some point, presumably, the materials destroying – destruction of materials is no longer a reason for not filing. At some point, right? Correct. All right. So he did file a state habeas, like an orchestra or something. At some point, he filed one. Well, first he filed a Federal habeas. I understand that, because he was nervous about time. But then he filed a state habeas. Correct. And the district court did toll the time, at least until the time of the state – tolling of the state habeas. So the first deadline doesn't matter to him anymore. Right? Correct. So you have to tell us why we should toll it beyond that, longer than that. Well, that assumes that those materials were ever returned to him when he filed. No, it doesn't assume that. The question is, he was able to file a state habeas petition. Is there some reason that he should have had it tolled longer in order to file a Federal habeas petition? Yes. And the reason is that he understood, and it's correct, that he was going to have to explain in his Federal petition, his second Federal petition, something he didn't have to explain in his state petition, which is, why is it late? And he believed that he needed the declaration from the warden to explain that. And as soon as he got that declaration, within weeks, he filed his Federal petition. Now, maybe that was misguided. As the magistrate pointed out, he could have filed his own declaration. But it is in the record, when the State Supreme Court lost his petition, his final petition for review on the habeas, he wrote them and said, I don't have a copy. That was my only copy. So once again, he's left without any documents. He asked the State Supreme Court to send it to him. They say, we don't have any record. So it's arguable he doesn't really know that his petition was denied. I mean, first he had been told it was denied. And then he's told, we have no record of it. And he also told them, I don't have any materials. I gave you my only copy. And so he believed, rightly or wrongly, that he needed to have the declaration of the warden, and he pursued it. I'm missing the connection between those two things. Is your contention that because the State Supreme Court lost his State petition, he was now once again at further disadvantage, and that a new tolling period should start for that reason, which might be? That's part of it, Your Honor, because the ---- What did the district court do with that issue?  What did the district court do with that issue? I think the district court stated that he must have had his materials once again because he filed his State petition. But that's incorrect because ---- But that's at the time of the State petition. But my understanding is that he filed a State petition. That went through. And then this bizarre thing happened with the State Supreme Court where he asked for his materials back again, and they said, we don't have it, we never got it. Right. Which can't be right because they acted on it. Correct. Now, I don't know whether he has the right to get his papers back or not have his papers back or anything like that, but was that presented to the district court as a separate reason for a new tolling period? I don't think he specifically stated that. What he stated was, I didn't believe I could file this until I had the declaration of the warden. And as soon as I obtained it, I filed it once again. But he did mention in his letter to the State Supreme Court, I can't proceed any further in Federal court until I get my copy back of my sole petition. Did he ever get his copy back? We don't know. Was there an evidentiary hearing in all this? I'm sorry. Well, what he got was the declaration from the warden, and immediately he filed his second Federal petition. But the declaration from the warden is not going to ---- How is the declaration from the warden going to get him further than he's already gotten, which is back to the period that he filed his first petition? It gives him an explanation to the Federal court why it's untimely. It is proof now. It is not a self-serving statement by a petitioner that my declaration was missing. Right. But it only gets him up to the point of where he's already gotten anyway, which is up to the point that he filed the State habeas petition, because that's all that this declaration proves up, right? It proves why he didn't file his Federal ---- second Federal petition in a timely manner. I didn't believe I could file it, Judge, until I had proof that my materials were lost by the prison. I'm saying it as a prisoner, but no one's going to believe me. And so he goes off on this year-long venture to try and finally get the warden, who finally does, say he ---- indeed, his materials were destroyed, and indeed, it did hinder his access to the court. So once he got that, he files it right away. So, you know, an unrepresented litigant, no education, as he puts it in one of his declarations, doesn't think he can satisfy the timely requirements. He's aware that there are some requirements out there. He's seeking to satisfy them and doesn't think he can do it until he gets someone objective to say it. And as soon as the warden says, yes, we destroyed his materials, it hindered his access to the court, he files the petition. So he didn't need the petition, the copy of the petition from the State Supreme Court. Well, he did. Well, he never got it, he said. Well, obviously, he got materials sufficient to file the Federal petition, which was basically identical to the State habeas petition, which is a separate issue. When did he get those? It's not in the record. All right. Thank you.  Good morning. May it please the Court, Warren Robinson, Deputy Attorney General for Respondent. I would like to start by briefly going over the relevant times in this case. On August 15, 2000, the Supreme Court's denial of the petition for review on direct appeal becomes final. On February 15, 2001, correctional officers inadvertently threw away undescribed legal materials. Now, we do know that the warden was asked soon after that to provide a declaration because, if we look at excerpts of record page 92, O'Hara decided that because he still didn't get a declaration signed from the warden, he was going to have to proceed anyhow. And what he did is he filed a petition in the Orange County Superior Court first. There was a memorandum of 33 pages. It included all the issues that were later presented to the district court except for one that was raised on direct appeal. After the Superior Court denied that petition, the same memorandum of points and authorities with the same issues was filed in the State Court of Appeal. That was denied. Then everything was filed again in the California Supreme Court. That was denied. Is that the one they lost? They did not lose it because they ruled on it. Apparently, Petitioner was erroneously informed by a court clerk that it had been lost, but we know from the Supreme Court's ruling denying the petition that the petition had been lost. Do you know whether they lost it before they ruled on it or after they ruled on it? I would assume that if they lost it, they lost it after they ruled on it. One would hope that, but there is no proof far more than others. What we do know is that the Supreme Court never does answer the query. I mean, they have a prisoner who makes a legitimate request, says, I couldn't make a copy of the petition I filed because of a lockdown. I was lazy, I was out drinking, and everything else. He has to file a petition. He's under time pressure to do it, and he can't do it. He's locked in a cell, and these prison lockdowns happen with some regularity, I understand, in California prisons. Probably with good cause, but they happen. And so the Supreme Court obligingly first sends a letter saying we never got it, which should be embarrassing enough for them. And then the next thing that happens when he writes back and says, but you must have it because you ruled on it, they don't bother to answer. Now, I find a troubling way to perform public service. Has your office looked into why the Supreme Court of California does not bother to even respond to a prisoner who makes a legitimate request like this? We don't oversee our State's Supreme Court. Did you look into it? I did not, no. We were able to take a phone call to find out whether this is available and what happened to the letter. I didn't make such an inquiry because it was clear to me that the Petitioner was able to file his petition in the district court the same as he was able to do in the three levels of State court. Was there an evidentiary hearing in the district court on a tolling question? No, there was not. So we don't know the answer to these questions because nobody has really gone into them. Well, there are some questions that of little significance that to which we don't have answers, but we do know that a Petitioner was able to file these three petitions in State court that raised the same claims that he later filed in the district court. We also know that prisoners all the time file petitions without getting approval by the warden of the prison. That certainly was the case. This was very unusual, actually. I mean, he was quite diligent and he did manage to get a very unusual declaration. Now, he could – I mean, the truth probably is that if he had filed it timely, he would have had a harder time having anybody believe his story about his materials being destroyed and getting any tolling out of it. So it's sort of a circular problem because he ended up getting the tolling for some period of time, probably in part because he had the warden's declaration. If he hadn't had the warden's declaration, we don't have any reason to think anybody would have believed him to begin with. But Petitioners often make allegations or prisoners make allegations without the concurrence of the warden. And they lose. Sometimes they do. But the question is, could he have filed the petition in the district court in a timely manner without a supporting declaration from the warden? And the answer is obviously yes, because he filed similar petitions in State court. Well, we don't know how adequate it is. You can always file something. But whether it's a winning document as opposed to a losing document may depend on the contents, and the contents may be different depending on how much material you have. And in my supplemental excerpts of records, I included the whole petitions filed in the three levels of State court. There's a memorandum of 33 pages that went into all his claims in detail. And one of those things he filed initially just put a new Federal label on it. It was dismissed for that reason. That was the first petition in Federal court. He apparently simply filed his opening brief on direct appeal, and that was dismissed by the district court. But I was referring to what he filed in the three State courts on habeas corpus. And if you look in the supplemental excerpts of record, you can see that he presents all his claims in detail, the same claims that he later raised in his second petition in the district court. My understanding of what the district court ultimately did with this California Supreme Court thing is to basically agree that it was a basis for tolling, but not for a 14-month tolling. Yes. The court, I think generously, gave him tolling before the first petition was filed in State court. I have given him tolling with regard to the California Supreme Court, had he been able to demonstrate why that justified a 14-month delay in filing. But there was no hearing about this. There was no need for hearing because Petitioner demonstrated his ability to raise those exact claims before. I'm having a hard time with this particular issue, not the earlier one. All right. The California Supreme Court doesn't give him back his declaration, his material. We apparently have a case, Coraggio v. Ayers, that suggests that this kind of a problem is a basis for equitable tolling. So says the district court or the magistrate judge. However, what we don't know, he then takes 14 months from not getting the material back from the California Supreme Court until he does file. Yes. The district court says that's too long, but there's no record about what went on in those 14 months. I would point this out. The warden finally signed the declaration. I'm forgetting about the warden. Let's take the warden out of it right now. I'm not asking about the warden. I'm asking about the California Supreme Court not giving back the material. Yes. But what I'm trying to suggest is that it wasn't the failure of the California Supreme Court to turn over any material that was the cause for the delay because we have the warden signing the declaration on July 7th, the second petition being signed, being submitted on August 1st of 2003. That suggests that what Petitioner was waiting for was not material from the California Supreme Court but for this declaration. And, in fact, in the petition, the allegation is not that I couldn't have filed earlier because the Supreme Court didn't give me back materials or couldn't find materials. The only allegation to justify tolling is the warden didn't sign the declaration. So, apparently, the issue, the possible issue you raised was not shared by Petitioner. Is the State required to object on these procedural grounds to the court reaching the merits on the constitutional claims in a case where they first destroyed his legal materials and then the California Supreme Court loses its petition? Is it mandatory that you object to his having his claims considered, or is that a matter of policy your office has decided? No. My office does not respond to petitions for writs of habeas corpus filed in State courts unless the State court asks us to do so. No, no. I mean, here, do you – are you in the district court? Were you compelled to object on the grounds of timeliness in this case, given the circumstances? Or is that a policy decision? Well, we weren't legally compelled to object, but that is the position that I took in this case, that the petition was untimely. So despite the fact that the State first destroyed his legal papers, and then when he filed a petition, the courts lost his petition, and you think he should not get his constitutional claims heard because he made one legal misjudgment. I thought that he had to wait for the warden. Absolutely. Or he should lose his constitutional rights if he has any. Well, I don't think there's a constitutional right to file a petition. No, no. I mean, he's got a claim that there's a violation of his constitutional rights, and the State's position is that doesn't matter. If his constitutional rights are violated, so what? Because he made a mistake in that legal analysis, which he's not particularly qualified to make, and thought he should wait for the warden. Because he did that, he should never have his constitutional rights considered. But when the State destroyed his property and the State Supreme Court treated him as Judge Kaczynski said he did, there are no consequences for that. And that's the way the State thinks the justice system should be administered. Not at all. A defendant's constitutional rights are important. This defendant was given a trial. He was given an appeal. He filed a petition for review. And he has a right to have them tested in Federal court if he didn't make a misjudgment about waiting for the warden's affidavit. If he hadn't done that, he would have a right to have his constitutional rights determined in Federal court. If he complies with the statute of limitations, yes. If he doesn't, no. And he didn't comply because he made a mistake thinking that he had to wait for the warden's affidavit. Yes. And that's quite an unreasonable mistake to make. It's actually not very unreasonable in the sense that if he hadn't had the – it's not a necessity, but it was certainly pretty intelligent of him. Not the waiting, but if he hadn't had to wait, he would have been much better off with this warden's declaration than without it. Without it, I mean, every prisoner in the world comes in and says his materials were destroyed and they don't tend to get listened to very much. And here he had a warden who had promised, as I understand it, to verify this, and it took a long time before he actually did. But he did, in fact, in the end do it. Yes, but statute of limitations should still ran in that time while he was waiting for the declaration from the warden. He did not need the declaration. It wasn't a silly call in the sense of what actually would have happened had he filed without it. It was – but his problem is that he still could have filed the petition, that second petition, in a timely manner and did not do so. All right. Thank you, counsel. Thank you. The only point I want to make, I think it's the point Judge Berzon alluded to, which all these questions, this discussion today suggests at minimum there's a lot of factual disputes that would require an evidentiary hearing in the district court to find out really whether he was entitled to equitable tolling or not. Another question I have, a factual question, is his declaration says that he contacted the warden and asked for verification of facts, but he doesn't say when. And in other words, you can't tell from his declaration whether he contacted the warden at the time of the original destruction, and the warden just didn't fulfill the promise until he bugged her a lot for a year and a half. We do know, Your Honor, that he filed an administrative appeal shortly after. I know that. I know that. But we don't know what intervened in almost two years between that administrative appeal and the warden finally signing the declaration. And he says something in his declaration about I contacted the warden and asked for verification of the facts if needed to corroborate the loss of destruction and that he agreed that if needed she would sign it. But – and then the next thing is that attaches the declaration of verification, but we can't tell whether there was – whether he contacted her a long time before and she just didn't do it for a long time, or whether he didn't contact her until just before he filed this petition. Exactly. So – Could that matter? It could if he was utterly diligent, files an administrative appeal, doesn't go to the warden until two years later, and says, hey, I now want a declaration that she was – That would be a different story than if he asked her at the outset and she just never got around to doing it.  Thank you. Thank you, counsel. Case just argued will be submitted. Next case for oral argument is Tony Lawrence-Thompson v. Smalley.
judges: Reinhardt, Kozinski, Berzon